```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF CONNECTICUT

-------------------------------- x
NICHOLAS BALOGH, JEFFREY D.       :
BALOGH, DANIEL EVERETT TAYLOR,    :
JACQUELYN MCCARRON CONTI-         :
MASSINA, CHERYL MCCARRON PETROW,  :
KELLY MCCARRON-SCHWING, and       :
PATRICIA S. MCCARRON,             :
                                  :
             Plaintiffs,          :   Civil No. 3:25-cv-362 (AWT)
v.                                :
                                  :
JOAN DIANE BALOGH STORMS and      :
GARY E. STORMS,                   :
                                  :
             Defendants.          :
                                  :
-------------------------------- x
```

**ORDER DENYING MOTION TO DISMISS**

For the reasons set forth below, the defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 13) ("Motion to Dismiss") is hereby DENIED.

**I.   Count One and Counts Two through Eight: Standing**

The defendants contend that the court lacks subject matter jurisdiction over these counts because the claims "are . . . clearly derivative claims for which the Plaintiffs lack standing . . . ." Motion to Dismiss at 4. The defendants argue:

> "As a general rule, actions designed to recover personalty belonging to the estate or for its use, conversion, or injury are brought by the fiduciary rather than by the beneficiaries." Martinelli v. Martinelli, 226 Conn. App. 563,574,319 A.3d 198 (2024) (internal quotation marks

-1-

> omitted). "Consistent with this rule, General Statutes § 45a-234(18) vests in an administrator or executor the exclusive power to compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle claims in favor of or against the estate as the fiduciary shall deem advisable." <u>Id.</u>

Motion to Dismiss at 3 (internal quotation marks omitted)). However, as the plaintiffs point out, the pertinent statute provides, in relevant part, that a fiduciary has the following powers:

> To compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle claims in favor of or against the estate or trust as the fiduciary shall deem advisable, and the fiduciary's decision shall be conclusive between the fiduciary and the beneficiaries of the estate or trust <u>in the absence of fraud, bad faith or gross negligence of the fiduciary</u>.

Conn. Gen. Stat. § 45a-234(18) (emphasis added).

The defendants do not address the exception for fraud, bad faith, or gross negligence of the fiduciary. The factual allegations in the complaint support the plaintiffs' contention that (i) they "are not asking the court to make a determination as to the disputed wills but instead to adjudicate the validity of the <u>inter vivos</u> transfer of title to the Shore house through an irrevocable trust—of which Defendants were co-trustees—and the related funds redirected from the revocable trust and from Jim's estate to refurbish the Shore house," and their contention (ii) "[t]he Defendants' interests with respect to this real

-2-

property transfer are clearly antagonistic to the potential beneficiaries of Jim's will . . . ." Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 16) ("Opposition") at 7 (citations omitted). The factual allegations in the complaint also support the plaintiffs' contention that "with respect to the portion of funds taken from the revocable trust for renovations to the Shore house, under the Geremia exception as codified in § 45a-234(18), Plaintiffs have standing as current beneficiaries of the trust based on the trustee's failure to bring claims against Joan, as Jim's attorney-in-fact, who breached her fiduciary duty in managing the trust funds, and against Gary, who aided and abetted Joan throughout the period of Joan's power of attorney." Id. (citing Geremia v. Geremia, 159 Conn. App. 751 (2015)).

## II. Count Two: Ripeness

The defendants contend that the court lacks subject matter jurisdiction over Count Two, the claim for tortious interference with expectancy of inheritance, because that claim is not ripe.

As a preliminary matter, the defendants point out "that Connecticut's appellate courts have not yet addressed whether tortious interference with an expected inheritance . . . is a cognizable cause of action." Motion to Dismiss at 7.  In Solon v. Slater, the Connecticut Supreme Court stated:

-3-

> [W]e note that the appellate courts of this state have not yet addressed whether tortious interference with the right of inheritance is a cognizable cause of action. See, e.g., Maguire v. Kane, 2021 WL 2302619, at *2 (Conn. Super. Ct. May 18, 2021) ("no appellate court has yet addressed whether there is a cause of action for tortious interference with an expected inheritance"); see also Wild v. Cocivera, 2016 WL 3912348, at *5 (Conn. Super. Ct. June 16, 2016) (citing cases and noting that, although "a minority of judges of the Superior Court has declined to recognize such a cause of action," most Superior Court judges have "recognized the viability of this cause of action"). Assuming, without deciding, that this state would recognize the cause of action, the essential elements of tortious interference with the right of inheritance are (1) an expected inheritance, (2) the defendant's knowledge of the expected inheritance, (3) the defendant's intent to interfere with the expected inheritance, (4) the interference was tortious, and (5) actual loss suffered by the plaintiff as a result of the defendant's tortious conduct. See, e.g., Reilley v. Albanese, 2015 WL 9897691, at *2-3 (Conn. Super. Ct. Dec. 14, 2015); Hart v. Hart, 2015 WL 3555366 (Conn. Super. Ct. May 11, 2015); DePasquale v. Hennessey, 2010 WL 3787577 (Conn. Super. Ct. Aug. 27, 2010); see also Restatement (Second) of Torts, § 774B (1979) ("[o]ne who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift").

Solon v. Slater, 345 Conn. 794, 820-21 (2023).

Because the majority of the judges of the Connecticut Superior Court have recognized the viability of this cause of action and this action is also recognized in the Restatement (Second) of Torts, the plaintiffs should be allowed to proceed with this claim at this time.

The defendants also argue that:

> [E]ven if this Court were to later find that [tortious interference with expectancy of inheritance] is cognizable, [it] is unripe because the Plaintiffs have not alleged an actual loss suffered. They have not established that the result of the Decedent's probate Estate would cause them any harm because they have not alleged that the pending will contest has resolved. Furthermore, the Plaintiffs have not alleged that they have suffered any actual loss related to the Stockburger living trust because they have not alleged that any trust assets have been distributed to any beneficiaries of that instrument.

Motion to Dismiss at 7.

As to the argument that the pending will contest has not been resolved, in Van den Berg v. Winston, the court explained that the Probate Court does not have exclusive jurisdiction with respect to trusts:

> [T]he exclusive jurisdiction of the Probate Court with respect to admission of wills is sometimes explicitly contrasted with the lack of such exclusive jurisdiction with respect to trusts.
>
> "In count one, the plaintiff makes a two-part claim that Ruth's 1999 will and the trust are the result of undue influence that was exerted over her and that they should be set aside in favor of the 1984 will. To the extent that count one questions the due execution of her 1999 will and whether it should be admitted to probate, the court grants the motion to dismiss because Probate Courts have exclusive subject matter jurisdiction over the due execution and validity of wills. In re Joshua S., 260 Conn. 182, 216 (2002); Dunham v. Dunham, 204 Conn. 303, 328 (1987). However, insofar as count one claims the trust was the result of undue influence and should be set aside, the court denies the motion to dismiss because Probate Courts do not have exclusive subject matter jurisdiction over the due execution and validity of inter vivos trusts. Therefore, the Superior Court is not deprived of jurisdiction. In re Joshua S., 260 Conn. at 214-16." Tyler v. Tyler, 2011 WL 3211244, at *4 (Conn. Super. Ct. June 15, 2011).

-5-

> The case before the court is similar with respect to distinctions needing to be recognized. The Probate Court may have exclusive jurisdiction over supervision of trusts and trustees; see, General Statutes § 45a-98(a)(6) (and § 45a-98a which does not enumerate subdivision (6) as having non-exclusive jurisdiction); but that does not encompass the validity of the trust itself.

2023 WL 5216365, at *6 (Conn. Super. Ct. Aug. 7, 2023).

As to the argument that trust assets have not been distributed to any beneficiaries of that instrument, as the plaintiffs point out, "[a]s current beneficiaries of the disputed revocable trust, Plaintiffs have already been harmed by the reduction of their shares of the trust and by the reduction of funds in the trust through Defendants' tortious conduct." Opposition at 11.

Therefore, the motion to dismiss is being denied.

It is so ordered.

Dated this 3rd day of December 2025, at Hartford, Connecticut.

/s/AWT<br>
Alvin W. Thompson<br>
United States District Judge