UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS BALOGH, ET AL., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:25-cv-362-AWT |
| | : | |
| JOAN DIANE BALOGH STORMS, ET AL., | : | |
| | : | |
| Defendants. | : | |

ORDER DENYING PLAINTIFFS' MOTION TO AMEND THEIR WITNESS LIST

Pending before the Court is Plaintiffs' motion to amend their witness list for the prejudgment remedy hearing that was held on July 22, 2026, and add Joan Balogh Storms as a witness. Based on the reasons that follow, the Court denies Plaintiffs' request to call Ms. Storms as a witness.

I.      BACKGROUND

On May 7, 2026, this Court scheduled a hearing on Plaintiffs' pending motion for prejudgment remedy. (Dkt. #42.) In the order setting the hearing, the Court listed the procedures for disclosing witness lists. *Id.* The order stated that "each party shall file a list of witnesses who will testify at the hearing and a brief description of each witness's testimony." *Id.* The parties timely filed their witness lists. (Dkts. #43, 44.) Plaintiffs disclosed Nicholas Balogh as a witness, and Defendants disclosed Joan D. Storms and Gary E. Storms as witnesses. *Id.* Five days after the deadline for witness disclosure, Plaintiffs filed an amended witness list, adding Jeffrey D. Balogh to their witness list. (Dkt. #45.)

On July 22, 2026, the Court held a hearing on Plaintiffs' pending motion for prejudgment remedy. (Dkt. #28.) After Nicholas and Jeffrey Balogh finished testifying, Plaintiffs attempted to

1

call Ms. Storms as a witness. Defendants objected and argued that Plaintiffs did not disclose Ms. Storms as a witness. The Court sustained the objection and noted that Plaintiffs did not list Ms. Storms as a witness and did not give the Defendants advanced notice that they would be calling Ms. Storms as one of their witnesses. In response, Plaintiffs stated that they would cross-examine Ms. Storms after she testified during Defendants' case. Defendants responded by informing the Court that the Defendants did not believe that the Plaintiffs had established probable cause, and, therefore, did not intend to call any witnesses or offer any evidence. Plaintiffs then requested permission to amend their witness list to include Ms. Storms.

The Court suspended the hearing and instructed the parties to submit briefs outlining their respective positions on the limited issue of whether Plaintiffs may call Ms. Storms as a witness even though she was not listed on Plaintiffs' witness list. (Dkt. #49.) The parties timely filed briefs. (Dkts. #52, 53.) Plaintiffs argue that they should be allowed to call Ms. Storms as a witness because: (1) Defendants disclosed Ms. Storms as a witness they would call at the hearing which suggested that, at the least, Plaintiffs' would have an opportunity to cross-examine Ms. Storms; (2) that there is no unfair surprise to Defendants because Ms. Storms is a named party and listed on Defendants' witness list; (3) that there is no bad faith; and (4) that Plaintiffs' request only arose when Defendants advised the Court that they would not be calling Ms. Storms as a witness. (Dkt. #53.) Defendants argue that Plaintiffs should not be allowed to call Ms. Storms as a witness because Plaintiffs failed to comply with the requirement of disclosing her as one of their witnesses. (Dkt. #52.) Defendants further note that the burden of proof at a prejudgment remedy hearing rests with the Plaintiffs, and the Defendants are not required to call any witnesses or put on a defense. *Id.*

II.    DISCUSSION

At a hearing for the issuance of a prejudgment remedy, the "trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits." *Roberts v. TriPlanet Partners, LLC*, 950 F. Supp. 2d. 418, 421 (D. Conn. 2013) (citation omitted). And "in order for plaintiff to establish probable cause that plaintiff will secure satisfaction of a judgment should he [or she] prevail, plaintiff must satisfy his [or her] burden of establishing that the testimony presented at the hearing establishes probable cause to sustain the validity of his [or her] . . . claims against defendant[s]." *Thompson v. Rissitelli*, No. 3:10-cv-0071 (JBA), 2011 U.S. Dist. LEXIS 118630, at *15 (D. Conn. Oct. 14, 2011).

Here, the burden rests with Plaintiffs to establish that probable cause exists. At the close of Plaintiffs' case, Defendants decided not to put on a defense because they believed that Plaintiffs "fail[ed] to elicit sufficient evidence to meet their burden of proof with the witnesses they disclosed before the hearing." (Dkt. #52 at 3.)[1] Because Defendants do not have any burden of proof in a prejudgment remedy context, it is appropriate for a defendant to decline to put on a defense. *Cf. Alexander v. Stop*, No. 22cv9557 (AEK), 2025 U.S. Dist. LEXIS 209299, at *7 (S.D.N.Y. Oct. 21, 2025) ("While [p]laintiff contends that [*d*]*efendant* 'presented no probative evidence from which a reasonable jury could conclude that [Plaintiff] wasn't discriminated against and or treated less differently from other non-minorities through defendant[s] circumstantial evidence or direct evidence' . . . it was [*p*]*laintiff's* burden at trial to prove his claims by a preponderance of the evidence.") (emphasis in original). To the extent that Plaintiffs now argue that they relied on

---

[1] The Court takes no position on whether the Plaintiffs have or have not met their burden.

Defendants' disclosure of Ms. Storms as a witness, such that Plaintiffs anticipated cross-examining Ms. Storms, the Court is not persuaded.

Although the language of the order that the Court issued prior to the prejudgment remedy hearing requires each party to "file a list of witnesses who *will* testify at the hearing," dkt. #42 (emphasis added), the Court cannot force a party to put on a case when that party does not have any burden of proof. To ensure that each party may call a particular witness, the witness must be disclosed on the party's own witness list. *See In re Hasan*, 287 B.R. 309, 318 (Bankr. D. Conn. 2002) (Appendix A) ("And as I have done in the past, if a witness is not on a witness list, a party may not call that witness. If a witness is on the other party's witness list, I don't let the first party call that witness either."). While the Court appreciates that Plaintiffs' request did not arise from bad faith, there are insufficient grounds to permit Plaintiffs' untimely request to call Ms. Storms as a witness. Knowing that the Defendants had no burden of proof and were not required to put on a defense, the prudent move would have been for Plaintiffs to list Ms. Storms as one of their witnesses or otherwise indicate that the Plaintiffs were reserving the right to call any of the witnesses on Defendants' witness list. *See Pfizer, Inc. v. Stryker Corp.*, No. 02 Civ. 8613 (LAK), 2005 WL 637943, at *1 (S.D.N.Y. Mar. 21, 2005) (allowing plaintiff to call one of defendant's witnesses where plaintiff's "witness list reserved the right to call any witness on [defendant's] witness list"). This would have put Defendants on notice that Plaintiffs were planning on calling Ms. Storms as their witness and would have given the Defendants an adequate opportunity to prepare Ms. Storms in advance of the PJR hearing.  This is part of the reason why the Court requires the parties to exchange witness lists in advance of the hearing.

III.    <u>CONCLUSION</u>

Plaintiff's request to call Joan D. Storms as a witness is denied. This is not a Recommended Ruling. This is a non-dispositive ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED on this **13th** day of **August, 2026** at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge